**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **J.H.-1, J.H.-2, and J.H.-3,**

**No. 22-0281** (Jefferson County 19-JA-31, 19-JA-32, and 19-JA-34)

**MEMORANDUM DECISION**

Petitioner Mother A.H.[1] appeals the Circuit Court of Jefferson County's March 4, 2022, order terminating her parental rights to J.H.-1, J.H.-2, and J.H.-3.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R.A.P. 21.

In April of 2021, the DHHR filed a petition alleging that petitioner and the father abused controlled substances, which negatively impacted their abilities to parent, and that they engaged in excessive corporal punishment of H.H., a child not at issue on appeal. The DHHR also alleged that the parents were previously adjudicated for drug abuse in August of 2018, although the case was later dismissed after the parents completed improvement periods. In May of 2021, petitioner overdosed on drugs and her criminal probation was revoked, resulting in her incarceration. Petitioner stipulated to the allegations of drug abuse in the petition in June of 2021, but denied the allegations of physical abuse to H.H. The court accepted petitioner's stipulation to drug abuse and heard in camera testimony of H.H. wherein H.H. stated that petitioner struck or choked her on several occasions. The court found that the DHHR proved the physical abuse allegations against petitioner and adjudicated her as an abusing parent. Petitioner was required to participate in adult drug court in her criminal case and was released from incarceration.

In July of 2021, the court granted petitioner a post-adjudicatory improvement period after she enrolled in drug treatment. A term of petitioner's adult drug court involvement required that she have no contact with the father. This condition was likewise adopted by the multidisciplinary team ("MDT") as a term of petitioner's improvement period. Shortly thereafter, the adult drug

---

[1]Petitioner appears by counsel Clinton Bischoff. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Patrick Morrisey and Katica Ribel. Jeff Matherly appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R.A.P. 40(e). Additionally, as the children share the same initials, we refer to them as J.H.-1, J.H.-2, and J.H.-3, respectively.

court probation officer caught the father in petitioner's home, and petitioner was then required to wear a GPS monitoring bracelet. In January of 2022, the DHHR filed a court report indicating that petitioner showed "little reflection and insight gained from her services." In late January of 2022, petitioner moved for an extension to her post-adjudicatory improvement period.

On February 5, 2022, petitioner was removed from a sober living program after testing positive for alcohol. On February 18, 2022, the court held a final dispositional hearing and heard evidence on petitioner's pending motion to extend her improvement period. Petitioner presented evidence that she was employed, completed parenting classes, attended drug rehabilitation, participated in Alcoholics Anonymous, and had a sponsor. She stated that she relapsed thirteen days prior with alcohol, and had she not been caught, she would not have self-reported the alcohol use. Petitioner denied physical abuse of H.H. She also stated that she had a substance abuse problem in the prior 2018 case and had "checked the boxes" during her improvement period in that case. She further stated that she had contact with the father despite the no contact conditions of the adult drug court program and her improvement period. Petitioner stated that she filed for divorce once she learned of the father's infidelity. Petitioner testified that she had lied to the MDT on many occasions and on "many circumstances" regarding her compliance with the terms and conditions of her improvement period.

The DHHR worker testified that she recommended the termination of petitioner's parental rights because petitioner had not shown a "cognitive[,] behavioral[,] or emotional change." She also stated that petitioner had no plan for independently caring for the three children without the father. The adult drug court probation officer testified that he was concerned with petitioner's testimony that she would not have self-reported her alcohol use.

Ultimately, the court concluded that petitioner had not substantially complied with all the terms and conditions of her improvement period. The circuit court found that, although petitioner was currently enrolled in an intensive drug treatment program, she continued to make poor choices that placed her future at risk while she struggled with recovery. The court found that an extension of an improvement period was not in the children's best interests. Finally, the circuit court found that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future and that termination was necessary for the children's welfare. Based upon these findings, the circuit court terminated petitioner's parental rights by its March 4, 2022, order, which petitioner now appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner first argues that the circuit court erred in finding that she had not substantially complied with the terms and conditions of her post-adjudicatory improvement period. We disagree, as it is clear from the appendix record that although petitioner complied with some terms of her improvement period, her compliance was far from sufficient to justify returning her children to her care. *See* Syl. Pt. 6, *In Int. of Carlita B.*, 185 W. Va. 613, 408 S.E.2d 365 (1991) (Requiring a court to review a parent's performance at the

---

[3]The father's parental rights were also terminated below. The permanency plan for the children is adoption by the paternal grandmother.

conclusion of an improvement period and determine "whether sufficient improvement has been made in the context of all the circumstances of the case to justify the return of the child"). The appendix record shows that she had a pattern of dishonesty with the MDT members and treatment providers, relapsed thirteen days prior to the dispositional hearing, failed to adopt any lasting change in attitude or behavior, and failed to acknowledge her physical abuse of H.H. *See In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (acknowledging that a parent's "[f]ailure to acknowledge the existence of the problem . . . results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense"). Accordingly, we find no clear error in the circuit court's finding that petitioner had not substantially complied with the terms of her improvement period.

Finally, petitioner argues that the circuit court erred in terminating her parental rights rather than imposing a less restrictive dispositional alternative. However, the circuit court's finding that there was no reasonable likelihood that the conditions of neglect and abuse could be substantially corrected in the near future was based on petitioner's continued substance abuse and dishonesty. *See* W. Va. Code § 49-4-604(c)(6) (authorizing the termination of parental rights "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and[] [that termination is] necessary for the welfare of the child"). Indeed, petitioner had not responded to treatment for her substance abuse. *See* W. Va. Code § 49-4-604(d)(1) (providing that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when "[t]he abusing parent . . . [has] habitually abused . . . controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person . . . [has] not responded to or followed through the recommended and appropriate treatment"); Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that the conditions of neglect or abuse can be substantially corrected"). Importantly, petitioner ignores the negative impact her actions had on the children, as they have been removed from her care and placed with a relative for extended periods of time. The children deserve permanency, and because the circuit court's findings are fully supported by the record, we find no error in the termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 4, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: October 26, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn